IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HUGO SPIEKER, LAURALEE SPIEKER, STEVEN POWERS, PATTIE POWERS, CLINTIN FLOYD WASSON, JEANNE WASSON, KENNY CARTER, CHRISTINE CARTER, and JIMMY D. CARTER, individually and as representative plaintiffs on behalf of persons and concerns similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>POSTROCK MIDCONTINENT PRODUCTION, LLC, successor by merger to QUEST CHEROKEE, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 07-1225-EFM |

## SETTLEMENT ORDER AND JUDGMENT

On this 30th day of December, 2011, this case comes on for hearing to consider: (1) certification of a Settlement Class described in the Settlement Agreement ("Settlement Agreement") attached as Exhibit 1; (2) approval of the Settlement Agreement; (3) approval of the amount of Class Counsel's Fees and Expenses and of Administration Expenses; (4) approval of the Plan of Allocation of the settlement proceeds among Class Members; and (5) approval of the Preliminary Distribution Schedule. Plaintiffs and the Class appear by and through Charles E. Millsap, David G. Seely, and Daniel E. Lawrence of Fleeson, Gooing, Coulson & Kitch, L.L.C.,

Wichita, Kansas (collectively "Class Counsel").  Defendant PostRock Midcontinent Production, LLC ("PostRock") appears by and through David E. Bengtson of Stinson Morrison Hecker LLP.

**WHEREUPON**, the parties request the Court to certify a Settlement Class as described in the Settlement Agreement and to give final approval to the Settlement Agreement which was conditionally approved on November 29, 2011.

After hearing statements of counsel, after taking into account matters contained in the Court file and prior proceedings in this matter, after hearing evidence, and after otherwise being duly advised of pertinent circumstances, the Court makes the following findings:

1. The definitions in Section 1 of the Settlement Agreement are incorporated herein by reference.

2. Pursuant to the Order Granting Leave to Amend, Conditionally Certifying Class, Preliminarily Approving Settlement Agreement, Approving Form of Notice, and Scheduling Fairness Hearing entered as of November 29, 2011, the Notice of Proposed Class Action Settlement approved by this Court was mailed to all potential Settlement Class members who could be reasonably identified from the Defendant's business records . In addition, the Notice was published in The Iola Register, The Prairie Star, The Labette Avenue, The Montgomery County Chronicle, The Chanute Tribune, The Neodesha Derrick, The Yates Center News, and The Eureka Herald.  The Court finds that reasonable and adequate notice of this hearing has been given to members of the Settlement Class.

3. The Court then considered whether to certify the Settlement Class, for settlement purposes only.

2

4. The Court then inquired as to whether there was any objection to the certification of the Settlement Class. No objections were filed, and no objections were raised.

5. The Court then heard testimony and arguments of Class Counsel and counsel for Defendant with respect to the certification of the Settlement Class, and makes the following findings on that issue:

>    (i)   The Court finds that the requirements for class certification are satisfied, for settlement purposes only, with regard to the Settlement Class.
>
>    (ii)  The Released Claims as defined in the Settlement Agreement all arise from the same nucleus of operative facts and form part of the same case or controversy as alleged against PostRock in the Second Amended Complaint.
>
>    (iii) The Settlement Class members are so numerous that joinder is impractical.
>
>    (iv)  There are questions of law and fact common to the Settlement Class members and Plaintiffs.
>
>    (v)   The questions of law and fact common to the Settlement Class members predominate over any questions affecting only individual members, and a settlement of Settlement Class members' claims by a class action under Fed.R.Civ.P. 23 is superior to other available methods for the fair and effective settlement and adjudication of the controversy.
>
>    (vi)  Plaintiffs' claims are typical of the Settlement Class members' claims.
>
>    (vii) Settlement Class members have no special interest in individually controlling the prosecution of separate actions.
>
>    (viii) Class Counsel are experienced and fully qualified.

    (ix) Plaintiffs are adequate representatives of the Settlement Class and they, along with Class Counsel, will fairly and adequately represent the interests of Settlement Class members.

    (x) No significant difficulties are likely to be encountered in the management of the action as a class action for settlement purposes.

  6. Accordingly, the Court certifies, for settlement purposes only, the following Settlement Class:

> All persons or concerns currently or previously owning mineral interests and/or overriding royalty interests in lands located in the Kansas counties of Allen, Chautauqua, Elk, Greenwood, Labette, Montgomery, Neosho, Wilson, and Woodson, burdened by oil and gas leases owned in whole or in part by PostRock MidContinent Production, LLC, successor by merger to Quest Cherokee, LLC, including the instrumentalities of the United States of America and federally chartered corporations, such as, but not limited to, the Farm Credit Bank of Wichita, but excluding the United States of America insofar as its mineral interests are managed by the Mineral Management Service.

  7. The Court then inquired as to whether there was any objection to the Settlement and dismissal with prejudice of the Action and the release of Released Claims under the Settlement Agreement. No objections were filed, and no objections were raised.

  8. For purposes of clarification, the parties have informed the Court that they have stipulated and agreed that, except for the deductions in the amounts expressly allowed under paragraphs 4.1 and 4.4 of the Settlement Agreement, PostRock will make no further deductions other than applicable taxes from the payment of royalties and overriding royalties to members of the Settlement Class attributable to natural gas produced from the Class Leases. The Court hereby accepts that stipulation.

9. The Court then inquired as to whether any members of the Settlement Class had elected to exclude themselves from the Settlement Class. Attached hereto as Exhibit 2 is a list of persons, firms and corporations, if any, who timely filed with the Clerk of the District Court their election to opt out of the Settlement Class. As explained in the Notice to members of the Settlement Class, Fed.R.Civ.P. 23(c)(2) provides that this Court shall exclude any member from the Class if that member so requests. Accordingly, this Court finds that those persons, firms and corporations, if any, listed on Exhibit 2 have timely filed their request to be excluded from the Settlement Class, and, accordingly, are specifically excluded from the Settlement Class and are not bound by this Order nor entitled to the benefits provided in this Order..

10. The Court next considered whether the Settlement set forth in the Settlement Agreement should be approved pursuant to Fed.R.Civ.P. 23(e). Rule 23(e) provides that an action brought as a class action "may be settled, voluntarily dismissed, or compromised only with the court's approval" and that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." The Court directed appropriate notice, which has been given, and, at the hearing held as noticed, all parties interested have had an opportunity to be heard as to whether or not the settlement as set forth in the Settlement Agreement shall be approved by the Court.

11. The Court then heard testimony and arguments of Class Counsel and of counsel for Defendant with respect to whether the Court should approve the Settlement and makes the following findings with respect to that issue:

    A. Plaintiffs and Class Counsel entered into the Settlement Agreement: (i) after taking into account the uncertainties, risks and potential delays associated with the

continued prosecution of the Action, including those involved in securing a final judgment that would be favorable to the Settlement Class and not be disturbed on appeal; (ii) after taking into account the substantial benefits that will be received as a result of the Settlement; and (iii) after having concluded that the Settlement provided for herein confers substantial benefits on the members of the Settlement Class, and is fair, just, reasonable, adequate and in the best interests of the Settlement Class.

      B.      Defendant PostRock has denied and continues to deny the respective claims alleged by Plaintiffs against it in the Class Action Litigation. PostRock has asserted and continues to assert many defenses thereto, and PostRock expressly denies and continues to deny its own wrongdoing or legal liability arising out of the conduct alleged in the Class Action Litigation. PostRock entered into the Settlement Agreement solely in order to put to rest the present controversy between Plaintiffs, the Settlement Class and PostRock and to avoid the further expense, inconvenience and disruption of defending against the Class Action Litigation. PostRock has also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this Class Action Litigation, and the fact that substantial amounts of time, energy and resources of PostRock have been and, unless this Settlement is consummated, will continue to be, devoted to the defense of this Class Action Litigation. PostRock has, therefore, determined that it is desirable and beneficial to it that the Class Action Litigation be settled in the manner and upon the terms and conditions set forth in the Settlement Agreement.

C. The Court finds that a class action settlement should be approved only if it is fair, reasonable and adequate after comparing the terms of the Settlement with the likely rewards of litigation. *See* Fed. R. Civ. P. 23(e)(2). In assessing the reasonableness and adequacy of a settlement in a class action, the Tenth Circuit has instructed that the trial court should consider the following factors:

(1) whether the proposed settlement was fairly and honestly negotiated;

(2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;

(3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and

(4) the judgment of the parties that the settlement is fair and reasonable.

*Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir.1984) (citing *In re King Resources Co. Securities Litigation*, 420 F.Supp. 610 (D.Colo.1976)). *See also, e.g.*, *In re Integra Realty Resources, Inc.*, 354 F.3d 1246, 1266 (10th Cir. 2004).

D. The Court finds that the Settlement as set forth in the Settlement Agreement was fairly and honestly negotiated through arms-length, vigorous, and extensive negotiations between the parties and their counsel, including mediation conducted by Mr. Richard C. Hite, and that the parties participated directly in the settlement process.

E. While this Court need not, and should not, decide the merits of the controversy, this Court notes that there exist serious questions of law and fact which place the ultimate outcome of this litigation in doubt and that, while the Settlement Class

7

might possibly ultimately receive more if the case were to be prosecuted to its ultimate conclusion, it is also possible that there would be no recovery.

  F. The Court recognizes that if this Settlement as set forth in the Settlement Agreement had not been reached, even if the Settlement Class had prevailed after a trial, any recovery would have been delayed for a lengthy period of time given the high probability of an appeal and, in the event of a reversal or modification, a further delay resulting from another lengthy trial.  Accordingly, the Court concludes that the immediate and substantial recovery provided under the terms of the Settlement outweighs the possibility of additional future relief after protracted and expensive litigation.

  G. The Court finds that the Settlement as set forth in the Settlement Agreement was arrived at in good faith and was based on a realistic appraisal by the parties and their counsel of the difficulties inherent in a case of this magnitude and complexity, and on their informed judgment that the settlement is fair and reasonable.

12. Based on all of the foregoing, the Court finds the Settlement as set forth in the Settlement Agreement to be bona fide, fair, reasonable and adequate.

13. The Court then considered the Plan of Allocation proposed by the Plaintiffs and Class Counsel, a copy of which is attached as Exhibit 3.  Defendant PostRock took no position as to how the Common Fund Settlement Proceeds, as defined in the Settlement Agreement, should be allocated among Potential Class Members.  The amount paid pursuant to the Settlement Agreement settles all of the Released Claims as defined in the Settlement Agreement and provides adequate consideration for dismissal with prejudice of the Class Action Litigation.

14. The Court finds that the Plan of Allocation provides a well-defined method to calculate the amount owed to each member of the Settlement Class.

15. Based on the foregoing, the Court finds that the Plan of Allocation is fair, equitable, reasonable, and capable of implementation without undue administrative expense, and should be approved. In approving the Plan of Allocation, the Court specifically finds that the consideration paid by PostRock, together with the going-forward provisions, as provided in the Agreement, fully discharges PostRock from any liability with respect to the Released Claims.

16. The Court then considered the Preliminary Distribution Schedule. The Court finds the Preliminary Distribution Schedule was prepared in accordance with the methodology set forth in the Plan of Allocation and should be approved.

IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED that:

1. This action is certified as a class action, for settlement purposes only, with the Settlement Class defined as follows:

> All persons or concerns owning mineral interests and/or overriding royalty interests in lands located in the Kansas counties of Allen, Chautauqua, Elk, Greenwood, Labette, Montgomery, Neosho, Wilson, and Woodson, burdened by oil and gas leases owned in whole or in part by PostRock, including the instrumentalities of the United States of America and federally chartered corporations, such as, but not limited to, the Farm Credit Bank of Wichita, but excluding the United States of America insofar as its mineral interests are managed by the Mineral Management Service, and those persons and entities listed in Exhibit 2 hereto.

2. The Settlement is bona fide, fair, reasonable, and adequate to the Settlement Class as required by Fed. R. Civ. P. 23(e). The Settlement Agreement is approved by the Court and is binding on the Plaintiffs and the other Class Members.

3. Each Class Member is deemed conclusively to have released and settled the Released Claims.

4. This Class Action Litigation is hereby dismissed with prejudice.

5. All Class Members are barred and permanently enjoined from commencing or prosecuting either directly, representatively, derivatively or in any capacity, any of the Released Claims against PostRock and the other Released Parties.

6. The Plan of Allocation attached as Exhibit 3 is approved as fair, equitable, reasonable and adequate to the Settlement Class.

7. The persons, firms and corporations listed on Exhibit 2 attached hereto, if any, have opted out of the Settlement Class and are excluded from the Class Members pursuant to Fed.R.Civ.P. 23(c)(3).

8. The Preliminary Distribution Schedule attached hereto is approved.

9. The Court finds that Class Counsel and PostRock should be reimbursed in the amounts of $4,875.96 and $5,158.57, respectively, as Administration Expenses. The Court finds that Class Counsel should be reimbursed in the amount of $43,242.90 for litigation expenses advanced by Class Counsel in this Action, and that Class Counsel should be awarded reasonable attorneys' fees in the amount of 25% of the Common Fund Settlement Proceeds remaining after first subtracting the above reimbursements of Administration Expenses and litigation expenses. The Court further orders that the above-referenced Class Counsel's Fees and Expenses be paid to Class Counsel at the same times that distributions are made to Class Members. The Court further orders that such Administration Expenses be paid to Class Counsel and to PostRock when the first distribution is made to the Class Members.

10. Within fifteen (15) days following the entry of this Order, PostRock shall prepare and file with the Court a Final Distribution Schedule (by owner number only) to reflect, in addition to the information contained on the Preliminary Distribution Schedule: (1) each Class Member's pro rata share of the Administration Expenses and the Class Counsel's Fees and Expenses; and (2) the final amount to be paid to each Class Member pursuant to the terms of the Settlement Agreement after reduction for the Administration Expenses and Class Counsel's Fees and Expenses, and after reallocation of amounts previously attributed to members of the Settlement Class, if any, who elected to opt out. PostRock shall also deliver a copy of the Final Distribution Schedule to Class Counsel in electronic form. Class Members shall not be permitted to object to the method used to compute the Final Distribution Schedule, if PostRock prepares the Final Distribution Schedule in accordance with these instructions. PostRock shall have no liability to Class Members in connection with the preparation of the Preliminary Distribution Schedule or the Final Distribution Schedule, or in connection with the determination and calculation of the amounts to be paid to the individual Class Members.

11. Not less than thirty (30) days following the date this Order becomes Final and Non-Appealable, PostRock shall mail the initial Distribution Checks to each Class Member and to Class Counsel in accordance with the Final Distribution Schedule and the terms of the Settlement Agreement. Not less than one year after said distribution, PostRock shall mail Distribution Checks for the second distribution to Class Members and Class Counsel, in accordance with the Final Distribution Schedule and the terms of the Settlement Agreement.

12. In the event successor or alternative payees are identified after entry of this Settlement Order and Judgment, PostRock shall promptly notify Class Counsel and shall reissue

to the new payee a Distribution Check as reasonably requested in writing by Class Counsel within ten (10) business days of said request and any documentation PostRock may possess supporting such change of ownership.  PostRock shall have no liability to any Class Member due to payment of their share of the Settlement Amount to another person or entity based on written (including email) instructions from Class Counsel.  PostRock may prepare a single Distribution Check for each owner identified on the Final Distribution Schedule even though that owner appears on multiple lines with different owner numbers used for identifying the original owner to which the settlement amount relates.

13. Any amounts due and payable pursuant to the Settlement Agreement that cannot be distributed by PostRock shall be handled as directed in the Settlement Agreement.

14. If the amounts prescribed in Section 3 of the Settlement Agreement are not paid when due, this Settlement Order and Judgment shall constitute a judgment lien pursuant to K.S.A. 60-2202 upon the filing herein by Class Counsel of written notice of non-payment.  In the event such notice of non-payment is filed, the Settlement Class shall be entitled to proceed with execution on said judgment forthwith, and the automatic stay of K.S.A. 60-262 and Fed.R.Civ. P. 62 shall be and is hereby waived.

15. Although this Settlement Order and Judgment is a final judgment, the Court retains jurisdiction over the implementation and enforcement of the Settlement.

IT IS SO ORDERED.

Signed this 30th day of December, 2011.

ERIC F. MELGREN
U.S. District Court Judge